[No. 666.  Decided October 20, 1892.]

J. N. GILBRANSON, *Respondent*, v. JOHN N. SQUIER, *Appellant*.

APPEAL — ACTION AT LAW TRIED ON EQUITY SIDE — STATEMENT OF FACTS.

Where a court of equity obtains jurisdiction of a cause for any purpose it retains it for all purposes, and, on appeal, a statement of facts should be settled and the evidence brought up as in appeals in equity cases.

*Appeal from Superior Court, Spokane County.*

*Jones & Voorhees*, for appellant.

*Jesse Arthur*, and *Franklin W. Knight*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This was an action to reform a note, and for judgment thereon for the amount due. The action was originally commenced as an action at law, but upon a motion therefor by the defendant it was transferred to the equity department of the court. At the trial the evidence was first taken upon the issue as to the reformation of the

instrument, and the court found it should be reformed. At this point the defendant demanded a trial by jury of the issue as to the amount due.    The court refused to allow a jury, and proceeded with the trial of the cause, and rendered judgment in favor of the plaintiff, whereupon the defendant appealed.    No statement of facts was settled, nor any attempt made to bring the evidence here as is required in appeals in equity cases, and the respondent moves to dismiss the appeal for that reason.    Appellant concedes it was a proper case for the equity side of the court for the purpose of reforming the instrument, but contends that after this issue was determined the cause then stood as an action at law, and should be treated as such, and, if so, it was not necessary to bring up the evidence.    The • rule is well settled that a court of equity once having obtained jurisdiction of a cause retains it for all purposes, and in accordance with the previous holdings of this court the motion to dismiss must be granted.

ANDERS, C. J., and DUNBAR, HOYT and STILES, JJ., concur.